**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

INTERNATIONAL METALIZING & COATINGS,
INC., a foreign corporation, and
f/u/b/o TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a foreign corporation,

        Plaintiffs,

vs.                       Case No. 8:09-cv-643-T-33AEP

M&J CONSTRUCTION COMPANY OF PINELLAS
COUNTY, INC., a Florida corporation,
and MOBRO MARINE, INC.,
a Florida corporation,

        Defendants.
_____/

## ORDER

This case comes before the Court on Plaintiffs' Motion to Strike Certain Affirmative Defenses of Defendant M&J Construction Company (the "Motion" Doc. 73). Defendant filed a response to the Motion (Doc. 76). For the reasons set forth below, the Motion is due to be **GRANTED** in part and **DENIED** in part.

### I. Procedural History and Summary of Arguments

Plaintiffs filed this suit against Defendant on April 6, 2009. Plaintiffs filed their second amended complaint on June 22, 2009 alleging negligence and a breach of warranty of seaworthiness. On January 21, 2010, Defendant filed an Answer

to the Amended Complaint and a Counterclaim (Doc. 69). Plaintiffs now move to strike certain of the affirmative defenses alleged by Defendant as either legally invalid and/or as insufficient general and conclusory denials of liability. Defendant contends it has satisfied the pleading requirements for affirmative defenses and that Plaintiffs' motion should denied.

## II. **Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). An affirmative "defense is insufficient as a matter of law only

if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

> 'Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.' 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (2d ed. 1990). '[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.... Thus, even when technically appropriate and well-founded, they often are not granted in the absence of a showing of prejudice to the moving party.' Id.

Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1359 (M.D. Fla. 2008).

**III. Analysis**

Plaintiff petitions the Court to strike the first, second, fifth, seventh, tenth, eleventh, twelfth, and fourteenth affirmative defenses.

With the exception of the fourteenth affirmative defense, Plaintiffs have not met their burden to establish that the remaining affirmative defenses are so impertinent and immaterial that no evidence in support of such affirmative defenses would be admissible at trial, and Plaintiffs have not alleged any basis for concluding that Plaintiffs will be prejudiced if the remaining affirmative defenses remain in the case. Accordingly, the Motion is denied as to these affirmative defenses.

As to Defendant's fourteenth affirmative defense, Defendant attempts to reserve the right to assert additional defenses in the future. This reservation of rights have been held by other courts in the 11th Circuit to be an invalid affirmative defense. <u>Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Mach. Sys. U.S.A.</u>, 2005 WL 975773, *12 (S.D. Fla. March 4, 2005); <u>see</u> <u>Weimer v. Felberbaum & Assocs., P.A.</u>, 2008 WL 299016, *2 (S.D. Fla. Feb. 1, 2008)(holding reservation to make a future indemnification counterclaim invalid). Federal Rule of Civil Procedure 12(b) requires that all defenses be asserted in the responsive pleading. Reserving the right to assert more affirmative defenses in the future will not allow the defendant to escape the requirement of Federal Rule of Civil Procedure 12(b). Defendant would still have to move for

leave to amend to raise new defenses. See Fed. R. Civ. P. 15(a). Accordingly, the Court will grant the Motion with respect to the fourteenth affirmative defense.

IV. Conclusion

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED**:

Plaintiff's Motion to Strike Certain Affirmative Defenses (Doc. 73) is **GRANTED** as to the fourteenth affirmative defense and is otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record