**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

INTERNATIONAL METALIZING & COATINGS,
INC., a foreign corporation,  and
f/u/b/o TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, a foreign corporation,

        Plaintiffs,

vs.                        Case No. 8:09-cv-643-T-33AEP

M&J CONSTRUCTION COMPANY OF PINELLAS
COUNTY, INC., a Florida corporation,
and MOBRO MARINE, INC.,
a Florida corporation,

        Defendants.
_____/

### ORDER

This case is before the Court on Plaintiffs' Motion to Dismiss Counterclaim of Defendant M&J Construction Company (the "Motion" Doc. 74). Defendant M&J Construction Company filed a response to the Motion (Doc. 77).  For the reasons set forth below, the Motion is due to be **DENIED**.

### I. **Procedural History and Summary of Arguments**

Plaintiffs filed this suit against Defendant on April 6, 2009. Plaintiffs filed their second amended complaint on June 22, 2009 alleging negligence and a breach of warranty of seaworthiness. On January 21, 2010, Defendant filed an Answer to the Amended Complaint and a Counterclaim (Doc. 69)

contending that Plaintiffs have a contractual duty under a Subcontract Agreement ("Subcontract") to indemnify and hold harmless Defendant for the damages Plaintiffs seek. Plaintiffs now move this Court to dismiss Defendant's Counterclaim.

Plaintiffs argue that Defendant's Counterclaim is inapplicable to the tort action brought by Plaintiffs. Plaintiffs allege the incident giving rise to the case is not governed by the Subcontract, but rather a separate unrelated agreement to keep and store Plaintiffs' work materials and equipment. Plaintiffs also contend that if the Court finds the Subcontract to be applicable to the case, the indemnification and hold harmless provision of the Subcontract does not apply. Defendant argues that there are issues of fact and law that could show the incident is covered by the indemnification and hold harmless provision of the Subcontract. Defendant suggests, since there is a plausible claim of relief, the Court should not dismiss the Counterclaim.

## II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372. F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences

from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

### III. **Analysis**

Plaintiffs allege that Defendant's Counterclaim fails to state a claim of relief that is plausible. Plaintiffs state the Subcontract, upon which Defendant bases its Counterclaim, is not applicable to Plaintiffs' tort claim, and, if it is found

3

that the Subcontract is applicable to the incident, the indemnification and hold harmless provision is a third-party indemnification clause only. Defendant contends that there are conflicting issues of fact and law that could show that its Counterclaim states a claim of relief. Defendant claims that the incident is subject to the terms and conditions of the Subcontract.

Plaintiffs rest their assertion that the Subcontract does not govern the tort action on allegations made in Plaintiffs' Second Amended Complaint.[1] This Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Bellsouth Telecomms, 372. F.3d at 1262. Therefore, the Court looks to the allegations in the Counterclaim as true, not the Plaintiff's Second Amended Complaint. Defendant's Counterclaim alleges the tort action comes within the scope of the Subcontract's indemnification and hold harmless provision due to the barge being used in the performance of work, and the Counterclaim makes no reference to a separate agreement to store Plaintiffs' materials and tools. Taking all the allegations made within the Counterclaim as true,

---

[1] "At all times material hereto M & J, undertook an obligation, separate, apart, and totally unrelated to the Subcontract, to keep and store INTERNATIONAL METALIZING'S work materials and equipment on the Barge at times when work was not being performed on the bridge." (Doc. 21 at ¶ 13).

the Court finds that it is possible that the Subcontract is applicable to the incident.

Plaintiffs next argue that the indemnification and hold harmless provision applies only to third-party claims, and Defendant was the only negligent party. There are issues of fact, which through discovery, could show the incident was not due to Defendant's sole negligence. Accordingly, such a conclusion is inappropriate at this stage of the proceedings.

For purposes of this Motion, where the Court must accept the Counterclaim's allegations as true and construe them in the light most favorable to Defendant, the Court finds that Defendant has sufficiently alleged facts to which Plaintiffs' claims for relief and damages could be subject to the indemnification and hold harmless provision of the Subcontract. See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., 711 F.2d 989, 995 (11th Cir. 1983) (stating that a motion to dismiss "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). As a result, Plaintiffs' Motion to Dismiss the Counterclaim is denied.

**IV. Conclusion**

Accordingly, it is now

5

**ORDERED, ADJUDGED** and **DECREED**:

Plaintiff's Motion to Dismiss Counterclaim (Doc. 74) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of July, 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record